Citation Nr: 1339305 
Decision Date: 11/29/13 Archive Date: 12/13/13

DOCKET NO. 12-33 113 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Salt Lake City, Utah


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss.

2. Entitlement to service connection for tinnitus.


ATTORNEY FOR THE BOARD

M. M. Celli, Associate Counsel


INTRODUCTION

The Veteran served on active duty from March 1976 to February 1979.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a February 2012 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Salt Lake City, Utah.

In his October 2012 substantive appeal, the Veteran requested a Board videoconference hearing. The record reflects that the RO notified the Veteran that a hearing before a Veterans Law Judge had been scheduled in May 2013. However, the Veteran did not appear for the Board hearing, and the notification letter was not returned by the United States Postal Service as undeliverable. As the Veteran has not requested to reschedule the hearing, the request for a hearing is considered withdrawn pursuant to 38 C.F.R. § 20.702(d) (2013).

The appeal is REMANDED to the RO via the Appeals Management Center in Washington, DC. VA will notify the Veteran if further action is required.


REMAND

The Veteran contends that he has bilateral hearing loss and tinnitus as the result of exposure to loud noises during active duty. Specifically, he reports that he first lost his hearing and began to experience ringing in his ears when he worked as a helicopter mechanic. The Veteran reports that he worked around and on turbine engines as part of his in-service duties and that the loud, whirring turbine noises created a very loud and deafening environment. He asserts he was never provided any type of hearing protection and that he wore a headset as protection during flight. The Veteran also states that he has noticed a progressive decline in his hearing since active duty and has continuously experienced bilateral ringing in his ears since 1978.

The Veteran's DD-214 shows his military occupational specialty was helicopter repairman. The Veteran's service treatment records do not demonstrate any complaints of, treatment for, or diagnoses of bilateral hearing loss or tinnitus. 

In February 2012, the Veteran underwent VA examination in connection with his claims. After a review of the claims file and an audiological examination, the VA examiner diagnosed bilateral sensorineural hearing loss and opined that the Veteran's hearing loss was not at least as likely as not caused by or a result of an event in military service. The VA examiner based the opinion on the in-service examination reports, which showed the Veteran had hearing within normal limits in both ears when he entered active duty and two months before his discharge from active duty, with no significant change in hearing in either ear. With respect to the claim for tinnitus, the Veteran reported constant, bilateral tinnitus since 1978. The VA examiner opined that the Veteran had a diagnosis of clinical hearing loss and that the Veteran's tinnitus was at least as likely as not a symptom associated with the hearing loss. 

Upon review, the Board finds the February 2012 VA examination inadequate for purposes of determining service connection. First, the VA examiner primarily based the opinion on the lack of evidence showing hearing loss at the time of separation from active duty. However, the absence of documented hearing loss while in service is not fatal to a claim for service connection. Ledford v. Derwinski, 3 Vet. App. 87, 89 (1992). When a Veteran does not meet the regulatory requirements for a disability at separation, he can still establish service connection by submitting evidence that a current disability is causally related to service. Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994); Hensley v. Brown, 5 Vet. App. 155, 159-160 (1993). Here, it does not appear the VA examiner considered the Veteran's reports of in-service noise exposure and symptoms of hearing loss and tinnitus. Dalton v. Nicholson, 21 Vet. App. 23 (2007) (holding that an examination was inadequate where the examiner did not comment on the Veteran's report of in-service injury but relied on the service medical records to provide a negative opinion). Further, the VA examiner did not address the Veteran's reports of experiencing continuous symptoms following his separation from service or the extent of his post-service noise exposure. See Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006) (holding that a veteran's statement is competent evidence as to events that are capable of lay observation); Layno v. Brown, 6 Vet. App. 465, 469 (1994) (holding that a veteran's statements are competent evidence of what comes to him/her through his/her senses). 

Moreover, the VA examiner did not provide an opinion with respect to whether the Veteran's tinnitus was directly related to active duty, to include the reported in-service noise exposure. Rather, the VA examiner only linked the Veteran's tinnitus to his bilateral hearing loss. In addition, the VA examiner did not provide a rationale for this opinion and did not address the Veteran's reports of experiencing symptoms during active duty and continuous symptoms since separation from service. For these reasons, the Board finds the February 2012 VA examination inadequate for adjudication purposes. "Once VA undertakes the effort to provide an examination, it must provide an adequate one or, at a minimum, notify the veteran why one will not or cannot be provided." Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). Thus, in order to satisfy VA's duty to assist, the Board finds a remand is warranted in order to afford the Veteran an additional VA examination. 38 U.S.C.A. §§ 5107(a), 5103A (West 2002 & Supp. 2013); 38 C.F.R. § 3.159 (2013). 

Accordingly, the case is REMANDED for the following actions:

1. Obtain and associate with the record any outstanding VA treatment records from the VA Medical Center in Salt Lake City, Utah and any associated outpatient clinics, to specifically include records dated since February 2012. All actions to obtain the requested records should be documented fully in the claims file. If any records cannot be located or no such records exist, the Veteran should be so notified, and a memorandum of unavailability should be associated with the claims file.

2. After the above development has been completed, schedule the Veteran for a VA examination for the purpose of ascertaining the nature and etiology of any bilateral hearing loss and tinnitus. The claims file should be made available to the examiner in conjunction with the examination. Any medically indicated tests should be accomplished, and all pertinent symptomatology and findings must be reported in detail. 

After review of the claims file, to include the service treatment records, VA treatment records, VA examination report, and with consideration of the Veteran's lay statements pertaining to his in-service and post-service noise exposure, in-service symptoms, and symptoms since separation from service, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent probability or more) that any current bilateral hearing loss is related to active duty, to include any in-service noise exposure. 

In addition, the examiner should give an opinion as to whether it is at least as likely as not (50 percent probability or more) that any tinnitus is related to active duty, to include any in-service noise exposure. 

In formulating the opinion, the term "at least as likely as not" does not mean "within the realm of possibility." Rather, it means that the weight of the medical evidence both for and against the claim is so evenly divided that it is as medically sound to find in favor of the claim as it is to find against it.

The examiner is reminded that VA laws and regulations do not preclude service connection for a post-service disability where a disability was not shown at the time of separation from service. 
 
A complete rationale should be provided for any opinion or conclusion expressed.

3. Thereafter, re-adjudicate the claims of entitlement to service connection for bilateral hearing loss and tinnitus. If any benefit sought on appeal remains denied, issue the Veteran a supplemental statement of the case and provide a reasonable opportunity to respond before the case is returned to the Board for further appellate review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
U. R. POWELL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).